UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

DAWANYE HICKS,
  a/k/a SIR DAWANYE HICKS
  a/k/a SIR DWAYNE HICKS

  Petitioner,

v.

ERIC WILSON, *Warden*,

  Respondent.

Civil Action No. 6:10-00259-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*

Petitioner Sir Dawayne Hicks,[1] confined in the Federal Correctional Institution located in Talladega, Florida,[2] has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 [D. E. No. 2]. Hicks has paid the $5.00 filing fee.

---

[1] The Bureau of Prisons ("BOP") identifies Hicks as "Sir *Dwayne* Hicks," not as "Sir *Dawayne* Hicks." *See* www.bop.gov, "Inmate Locator" feature. Regardless of whether the BOP has correctly identified Hicks, the Clerk of the Court will be directed to note in the CM/ECF cover sheet the additional alias of "Sir Dwayne Hicks," to be consistent with the BOP's designation.

[2] When Hicks filed this proceeding, he was confined in the United States Penitentiary-McCreary, located in Pine Knot, Kentucky. Although Hicks has recently been transferred, the proceeding is properly before the Court because jurisdiction is determined at the time a § 2241 petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Bishop v. Med. Superintendent of the Ionia State Hosp.*, 377 F.2d 467, 468 (6th Cir. 1967); *see also DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir.1 993) (holding that district court had jurisdiction over petitioner who was on parole, a form of custody, when he filed his § 2241 habeas petition).

The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979); *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

Because Hicks has not demonstrated that his prior remedy in the court where he was sentenced was inadequate and ineffective to challenge his federal conviction and sentence, or that he is actually innocent of the federal offense to which he pleaded guilty, his § 2241 petition will be denied and this proceeding will be dismissed.

## CLAIMS ASSERTED

Hicks challenges his federal sentence, alleging that it violates his right to due process of law guaranteed under the Fifth Amendment of the United States Constitution. He argues that his mandatory life sentence for crack cocaine offenses, imposed pursuant to § 848(b), is excessive in light of recent changes to the United States Sentencing Guidelines regarding offenses involving crack cocaine.

## CRIMINAL CONVICTION AND APPEAL

On June 27, 2007, Hicks pleaded guilty in federal court in Massachusetts to Distribution of Cocaine Base, in violation of 21 U.S.C. § 841. *United States v. Hicks*, 1:05-CR-10223-NMG (D. Mass.) ("the Trial Court"). On October 19, 2007, the Trial Court sentenced Hicks to a 190-month prison term, to run concurrent with another sentence he then serving, and recommended that he participate in the 500-Hour Residential Drug Treatment Program [D. E. No. 25].

Hicks did not appeal his sentence, but on April 15, 2008, he filed a motion in the Trial Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2)[3] [D. E. No. 28]. On January 14, 2010, the Trial Court denied Hicks' § 3582 motion.[4] Hicks does not allege that he appealed the ruling, and the docket sheet does not indicate that he did so.

---

[3] A district court has the authority under 18 U.S.C. § 3582(c)(2) to modify a defendant's sentence where the sentence included a term of imprisonment based on a sentencing range that was subsequently lowered by the United States Sentencing Commission ("the Commission"). In order to decrease the disparity between sentences for crack cocaine offenses and powder cocaine offenses, the Commission reduced the penalties for crack cocaine offenses by amending the sentencing guidelines in 2007. Amendment 706, which became effective November 1, 2007, reduced the base offense level for most crack cocaine offenses by two levels. On March 8, 2008, Amendment 713 went into effect, giving Amendment 706 retroactive effect. *See* U.S.S.G. supp. to app. C, amend. 713.

[4] The Court attempted to view that Order via the Public Access to Court Electronic Records website, but was unable to do so because access to that particular docket entry, [D. E. No. 35], is designated as "*Restricted.*"

## DISCUSSION

Hicks fails to state a cognizable habeas corpus claim under 28 U.S.C. § 2241. A federal prisoner may attack the execution of his sentence by challenging the computation of his parole or sentencing credits by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the court having jurisdiction over his custodian. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).

Title 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners seeking release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). A prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e).

This rule has one exception: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). "Construing [the savings clause], courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the]

sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Terrell*, 564 F.3d at 447 (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999)).

This is an exceedingly narrow exception. The remedy is not "inadequate and ineffective" simply because the prisoner failed to file a prior post-conviction motion under § 2255 or, if he filed a § 2255 motion, was denied relief. *Charles*, 180 F.3d at 756-58. Instead, the Sixth Circuit has held that this exception only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

In this proceeding, Hicks is neither challenging the manner in which his sentence is being executed, *i.e.*, the computation of sentence credits or parole eligibility, *see Jalili*, 925 F. 2d at 893-94, nor claiming that he is actually innocent of the crack cocaine distribution charge to which he pleaded guilty. Instead, Hicks challenges the *imposition* of the sentence as unconstitutional and excessive in light of retroactive changes to the sentencing guidelines.

Although the Court cannot view the Trial Court's Order denying Hicks' § 3582 motion, other information Hicks supplied strongly suggests that his motion under §

5

3582 was not inadequate to challenge his sentence. First, it is clear from the language of 18 U.S.C. § 3582(c)(2) that a district court's authority to alter a sentence is discretionary and not mandatory. *See United States v. Brown*, No. 2:95-CR-066(3), 2010 WL 4027750, at *4 (S.D. Ohio, October 13, 2010). "A district court therefore has discretion to determine if a reduction in appropriate under the facts of the particular case." *Id.* Further, a district court has the discretion to deny a § 3582(c)(2) motion even if the amendment has lowered the guidelines range. *See United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).

Hicks stated in his § 2241 petition that the Trial Court accepted the federal Probation Office's recommendation that he be sentenced as a career offender under the Career Offender Guidelines, U.S.S.G. § 4B1.1, based on his two prior felony drug convictions.[5] According to the "Judgment in a Criminal Case," the Trial Court

---

[5]
In his § 2241 Petition, Hicks stated as follows:

Petitioner was originally sentenced in 2007 to a sentence of 190 months for violating 21 USC § 841 (a) (1) by being found to have possess 5.57 grams of crack cocaine. Beacuse [sic] Petitioner had sustained two prior felony drug convictions and was over the age of 18, when he committed the subject offense, the probation department concluded that he was a career offender under U.S.S.G. § 4B1.1 and established his offense level as 37.... Then, the court granted Petitioner a three level reduction for acceptance of responsibility and adjusted his offense level to 34, and a guideline sentencing range of 262-327 month of incarceration. The Judge, after calling the sentencing range <u>draconian</u> and more than necessary, varied down an additional three levels, and sentenced petitioner to 190 months which is within the sentencing rang of level 31.

imposed a mandatory minimum sentence.[6]

Under these facts, Hicks would not have been entitled to a crack sentence reduction for two reasons. First, a defendant subject to a mandatory minimum sentence is not entitled to a sentence reduction based on Amendment 706. *See United States v. Johnson*, 564 F.3d 419, 423 (6th Cir.), *cert. denied*, - - -U.S. - - -, 130 S.Ct. 318, 175 L. Ed.2d 210 (2009).

Second, as a career offender under U.S.S.G. § 4B1.1, Hicks was not eligible for a sentence modification under § 3582(c)(2). "[T]his Court has consistently held that a defendant convicted of crack-related charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on Amendment 706." *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010) (internal quotation marks and citation omitted); *United States v. Bridgewater*, 606 F.3d 258, 260–61 (6th Cir. 2010) (same); *United States v. Perdue*, 572 F.3d 288, 292–93 (6th Cir. 2009) (reasoning that Congress expressly limited the applicability of § 3582(c)(2) "to a defendant whose sentence was 'based on' a subsequently-lowered 'sentencing range'" and that Amendment 706 did not change the base offense level for career offenders

---

*See* Petition, [D. E. No. 2, p. 6].

[6] Title 21 U.S.C. § 841(b)(1)(B)(iii) provides for a mandatory minimum sentence of 60 months of imprisonment.

under § 4B1.1 (quoting U.S.S.G. § 4B1.1)).

Next, Hicks' challenge to his sentence is, at best, one of "legal innocence," not "actual innocence" of the § 841(a)(1) offense to which he pleaded guilty and of which was convicted. The term "legal innocence" is distinguishable from claims of "actual innocence" of the underlying offense charged in the indictment. *Poole v. Barron*, No. 04-CV-95, 2004 WL 5605485 * 5 (E. D. Ky., May 26, 2004). Federal courts have not extended the savings clause to § 2241 petitioners challenging their sentences. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *see also Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009). "No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense." *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D.S.C., July 23, 2009); *Wofford v. Scott,* 177 F.3d 1236, 1244-1245 (11th Cir. 1999) (holding that it is unclear to what extent a petitioner can show actual innocence when challenging his sentence).

Finally, the savings clause is not applicable unless there is an intervening change in the law that establishes innocence. *Bousley v. United States*, 523 U.S. 614, 620 (1998); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). "Although this court has not determined the exact scope of the savings clause, it appears that a

prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause." *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002) (same). Hicks cites no Supreme Court case that applies retroactively to cases on collateral review, such as his.

Hicks has not shown that his § 3582 motion in the Trial Court was inadequate to challenge his sentence; that he is actually innocent of distributing cocaine base; or that a retroactively applicable Supreme Court decision affords him relief. Thus, he is not entitled to relief under § 2441. His petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The Clerk of the Court is directed to note in the CM/ECF cover sheet the additional alias "Sir Dwayne Hicks," the name the BOP uses to identify Petitioner "Sir Dawayne Hicks," BOP Register No. 22770-038.

(2) Hicks' 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [D. E. No. 2] is **DENIED**;

(3) This action is **DISMISSED**, *sua sponte*, with prejudice; and

(4) Judgment will be entered contemporaneously with this Memorandum

Opinion and Order in favor of the Respondent, Eric Wilson, the Warden, USP-McCreary.

This 23rd day of June, 2011. 

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge